UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2008 OCT -9 P 3: 19
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

AARON STINCHCOMBE
and BENJAMIN ZIKE,

    Plaintiffs,

v.

Civil Action No. 2:08-CV-14271
HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

PATRICIA CARUSO, et. al.,

    Defendants,

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Aaron Stinchcombe and Benjamin Zike, ("plaintiffs"), both presently confined at the Mound Road Correctional Facility in Detroit, Michigan, have filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In their complaint, plaintiffs claim that on September 15, 2008, defendant Caruso, the director of the Michigan Department of Corrections (M.D.O.C.) issued a memo indicating that a ten percent surcharge or tax would now be levied on all future inmate purchases at the Inmate Stores at the various M.D.O.C. facilities. Plaintiffs claim that the decision to charge a surcharge or tax on all inmate purchases arose from the Michigan Executive Policy Team and the Administrative Management Team in collaboration with defendant Caruso. Plaintiffs seek declaratory and injunctive relief against the defendants. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

1

## I. DISCUSSION

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. In this case, plaintiffs' complaint challenges an alleged system-wide policy of the Michigan Department of Corrections, and therefore, the

material events occurred wherever these policies were created. See Boyd v. Snyder, 44 F. Supp. 2d 966, 970-71 (N.D. Ill. 1999). The alleged policy was promulgated in Lansing, Michigan, which is in the Western District of Michigan. Because this was the primary situs of the material events in this case, plaintiffs' choice of forum carries little weight. Id. Moreover, because the plaintiffs seek to enjoin further implementation of this policy, "[t]he locus of policy implementation is more relevant than the locus of policy creation" for purposes of venue. Id. at 971. Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

DATED: 10/8/08